1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

8
9
10
11
12

WILLIAM D. O., II,

                              Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                              Defendant.

CASE NO. 3:23-CV-5783-DWC

ORDER REVERSING AND
REMANDING COMMISSIONER'S
DECISION TO DENY BENEFITS

13
14
15
16
17
18
19
20
21
22

        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

Defendant's determination that Plaintiff was no longer disabled.[1] After considering the record,

the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to properly

consider Plaintiff's subjective symptom testimony and the medical opinion of Dr. Justin

Stamschror, M.D. Had the ALJ properly considered the evidence, the ALJ may have found the

residual functional capacity ("RFC") assessment should have included additional limitations.

The ALJ's errors are therefore not harmless, and this matter is reversed and remanded pursuant

to sentence four of 42 U.S.C. §405(g) to the Commissioner of the Social Security Administration

for further proceedings consistent with this Order.

23
24

        [1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties
have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

## I. Procedural History

Plaintiff was found disabled by the Social Security Administration on December 26, 2015. *See* Dkt. 7, Administrative Record ("AR") 17. In September of 2020, the Administration determined Plaintiff was no longer disabled. AR 17. The non-disability determination was upheld on reconsideration and, on January 25, 2023, ALJ Allen G. Erickson determined Plaintiff's disability ended on September 23, 2020. AR 17-32. The Appeals Council denied Plaintiff's request for review, making the January 2023 decision the final decision of the Commissioner. *See* AR 1-3; 20 C.F.R. § 404.981, § 416.1481.

## II. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citation omitted).

## III. Discussion

In the Opening Brief, Plaintiff alleges the ALJ erred by failing to properly: (1) consider Plaintiff's subjective symptom testimony; (2) consider Dr. Justin Stamschror, M.D.'s medical opinion; (3) consider the lay witness evidence; and (4) develop the record. Dkt. 9. Plaintiff

1    requests the Court remand this case for an award of benefits or for further administrative

2    proceedings. *Id*.

3    　　　A.  *Subjective Symptom Testimony*

4    　　　First, Plaintiff asserts the ALJ failed to provide specific, clear or convincing reasons for

5    rejecting Plaintiff's subjective symptom testimony. Dkt. 9 at 3-9.

6    　　　"An ALJ engages in a two-step analysis to determine whether a claimant's testimony

7    regarding subjective pain or symptoms is credible." *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th

8    Cir. 2014). At the first step, the ALJ determines whether the claimant has presented objective

9    medical evidence of an underlying impairment that could reasonably be expected to produce the

10   pain or other symptoms alleged. *Id.* This evidence need not validate the severity of the alleged

11   symptoms; rather, "the medical evidence need only establish that the impairment could

12   reasonably be expected to cause some degree of the alleged symptoms." *Smith v. Kijakazi*, 14

13   F.4th 1108, 1111 (9th Cir. 2021).

14   　　　If the claimant satisfies this first step and there is no affirmative evidence of malingering,

15   "the ALJ can reject the claimant's testimony about the severity of [their] symptoms only by

16   offering specific, clear and convincing reasons for doing so." *Id.* at 1112 (quoting *Garrison*, 759

17   F.3d at 1014–15). "This standard is 'the most demanding required in Social Security cases.'" *Id.*

18   (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)). To meet this

19   standard, ALJs must "identify which testimony [they] found not credible and why." *Brown-*

20   *Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015).

21   　　　The Ninth Circuit has reaffirmed that the clear and convincing standard requires the ALJ

22   to make "specific finding[s]:"

23   　　　　　[A]n ALJ does not provide specific, clear, and convincing reasons for rejecting a
         claimant's testimony by simply reciting the medical evidence in support of his or

24

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 3

her residual functional capacity determination. To ensure that our review of the ALJ's credibility determination is meaningful, and that the claimant's testimony is not rejected arbitrarily, we require the ALJ to specify which testimony she finds not credible, and then provide clear and convincing reasons, supported by evidence in the record, to support that credibility determination.

*Smith*, 14 F.4th at 1112 (quoting *Brown-Hunter*, 806 F.3d at 489). "The standard isn't whether our court is convinced, but instead whether the ALJ's rationale is clear enough that it has the power to convince." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022). As with all findings by the ALJ, the specific, clear, and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss*, 427 F.3d at 1214 n.1.

At the hearing before the ALJ, Plaintiff testified that he believes he is disabled because of ongoing issues with his brain injury. AR 54. He has anxiety and depression and he stated he can be unstable at times. AR 54. He also testified that he has ongoing memory issues that cause him to forget what his is doing while he is doing it. AR 54. Plaintiff's typical day involves getting up and eating breakfast and then spending most of the day playing computer games or not doing anything. AR 56. Plaintiff states he has a small greenhouse he maintains. AR 56. Plaintiff can do his own laundry and household chores. AR 65-66.

Plaintiff testified he has difficulty around others with his reasoning and decision-making. AR 59. He moved from his in-laws' home back to his parents' home because of difficulties being around his in-laws. AR 59-61. He explained that there was always too much going on in the house for his mind and he could not think or concentrate. AR 63. Plaintiff stated he has difficulty completing tasks because he is easily distracted and forgets what he is doing. AR 75. He does not think he could sustain employment because of his attention issues and feeling overwhelmed. AR 78. He also testified that he suffers from physical pain in his back and shoulder and his pain can spike to an eight or nine out of ten. AR 72.

In an Adult Function Report, Plaintiff stated that he is forgetful, and he can get angry and frustrated easily. AR 292. He also stated he can get overwhelmed and he will become mean, aggressive and emotional. AR 292. He will "check out and not remember what [he] did or said." AR 292. Plaintiff stated he does not follow written instructions well and cannot handle stress or changes in his routine. AR 298-99.

Regarding Plaintiff's testimony, the ALJ stated he considered Plaintiff's testimony but found the treatment records showed significant medical improvement in Plaintiff's cognitive functioning. AR 23. The ALJ then discussed the treatment records. *See* AR 23-26. Determining that a claimant's complaints are "inconsistent with clinical observations" can satisfy the clear and convincing requirement. *Regennitter v. Comm'r of Soc. Sec. Admin.*, 166 F.3d 1294 at 1297 (9th Cir. 1999); *see also Fisher v. Astrue*, 429 F. App'x 649, 651 (9th Cir. 2011). However, an ALJ "may not disregard [a claimant's testimony] solely because it is not substantiated affirmatively by objective medical evidence." *Robbins v. Social Security Administration*, 466 F.3d 880, 883 (9th Cir. 2006); *see Orteza v. Shalala*, 50 F.3d 748, 749–50 (9th Cir. 1995); *Byrnes v. Shalala*, 60 F.3d 639, 641-42 (9th Cir. 1995). Moreover, "an ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter*, 806 F.3d at 489. Rather, to discount a claimant's testimony, an ALJ "must state *which* testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill*, *v. Shalala*, 12 F.3d 915, 917 (9th Cir. 1993) (emphasis added); *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

Here, the ALJ summarized evidence contained in the medical records, but the ALJ either did not sufficiently link the cited medical records to any specific portions of Plaintiff's testimony

1    or the evidence did not support the ALJ's findings. *See* AR 23-26. In only providing a recitation

2    of the medical evidence, the ALJ failed to identify *which* testimony is inconsistent or

3    unsupported and *why* Plaintiff's testimony is not credited based upon the alleged inconsistencies.

4    Moreover, the citations in the ALJ decision that did attempt to show the objective medical

5    evidence or Plaintiff's previous statements to medical providers did not show the level of

6    limitations testified to by Plaintiff were not inconsistent with Plaintiff's testimony. For example,

7    the ALJ referenced that Plaintiff reported that he continued to be overwhelmed with too much

8    social stimulation and needed time alone. AR 24. This is consistent with Plaintiff's testimony and

9    the ALJ provides no discussion to explain otherwise. The ALJ also found Plaintiff reported he

10   could not lift heavy items, but appeared to discount these complaints because Plaintiff testified that

11   his fractures were healing. AR 25 (ALJ noting that Plaintiff "could not lift anything heavy or stand

12   for long" unsupported by Plaintiff's testimony that his "various fractures and other injuries from

13   the accident had healed except for continued pain between his shoulder blades"). However, during

14   the hearing, Plaintiff testified his back and shoulder injuries caused pain at a four or five out of ten

15   and the pain sometimes spiked to eight or nine out of ten. *See* AR 72. The ALJ does not explain

16   how Plaintiff's testimony is inconsistent his reports that he cannot lift heavy items.

17       In the Response Brief, the Commissioner provided a similar recitation of the evidence. Dkt.

18   13. The Commissioner, like the ALJ, did not articulate specific, clear, and convincing reasons for

19   discounting Plaintiff's testimony. *See id*. Rather, the Commissioner asks this Court to view the

20   record as a whole and determine the ALJ's decision is supported by the record. The Court must

21   be able to glean from the ALJ's decision the specific, clear, and convincing reason for

22   discounting Plaintiff's testimony. A recitation of the record is not sufficient to meet Ninth Circuit

23   standards. *See Brown-Hunter*, 806 F.3d at 492 ("the agency [must] set forth the reasoning behind

24

its decisions in a way that allows for meaningful review"); *Blakes v. Barnhart*, 331 F.3d 565, 569 (7th Cir. 2003) ("We require the ALJ to build an accurate and logical bridge from the evidence to her conclusions so that we may afford the claimant meaningful review of the SSA's ultimate findings."). Therefore, the Court is not persuaded by the Commissioner's arguments and finds the ALJ did not provide a clear and convincing reason for rejecting Plaintiff's subjective symptom testimony.

Had the ALJ properly considered Plaintiff's testimony, the RFC and hypothetical questions posed to the vocational expert may have contained additional limitations. For example, the RFC and hypothetical questions may have included limitations reflecting Plaintiff's limitations in his pace, memory, and his tendency to become overwhelmed. Because the ultimate disability determination may have changed with proper consideration of Plaintiff's testimony, the ALJ's error is not harmless and requires reversal. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

B.   *Medical Opinion Evidence*

Plaintiff alleges the ALJ erred in his consideration of Dr. Stamschror's medical opinion. Dkt. 9. The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).[2] When a treating or examining physician's opinion is contradicted, the

---

[2] The regulations regarding the evaluation of medical opinion evidence have been amended for claims filed on or after March 27, 2017. *Revisions to Rules Regarding the Evaluation of Medical Evidence* ("*Revisions to Rules*"), 2017 WL 168819, 82 Fed. Reg. 5844, at *5867-68; *5878-79 (Jan. 18, 2017). Since Plaintiff filed his original claim prior to March of 2017, it appears the new regulations do not appear to apply to this case. *See* AR 26 (ALJ used old regulation "weight" language, not new regulation "persuasive" language). The Court, however, notes the parties do not clarify which regulations apply. *See* Dkt. 9 at 8 (new regulations); Dkt. 13 at 10 (arguing old regulation for medical opinion evidence) & 12 (arguing new regulations apply to lay witness evidence). On remand, the Commissioner should clarify if the new regulations apply in this case.

1  opinion can be rejected "for specific and legitimate reasons that are supported by substantial

2  evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035,

3  1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can

4  accomplish this by "setting out a detailed and thorough summary of the facts and conflicting

5  clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157

6  F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

7       On September 14, 2020, Dr. Justin Stamschror, M.D., completed a Comprehensive

8  Psychiatric Evaluation of Plaintiff. AR 707-11. Dr. Stamschror opined that Plaintiff had an

9  adequate ability to: perform simple and repetitive tasks, perform detailed and complex tasks,

10  perform work activities on a consistent basis without special or additional instructions, maintain

11  regular attendance, and complete a normal workday without interruptions. AR 710. He found

12  Plaintiff would have a poor ability to perform work duties at a sufficient pace. AR 710. Dr.

13  Stamschror also opined that Plaintiff's ability to interact with coworkers, superiors and the public

14  and his ability to adapt to the usual stresses encountered in the workplace was adequate. AR 710.

15       The ALJ discussed Dr. Stamschror's opinion and gave "significant weight" to all

16  limitations opined to by Dr. Stamschror, except Dr. Stamschror's opinion that Plaintiff's ability

17  to perform work duties at a sufficient pace was poor. AR 26- 27. In considering Dr. Stamschror's

18  opinion regarding Plaintiff's pace, the ALJ stated,

19       Dr. Stanschror also concluded that the claimant's ability to perform work duties at
20       a sufficient pace was likely poor. The undersigned has considered this assertion and
         agrees that the claimant would be unable to work in a fast-paced production type
21       environment but finds no reason to find greater limitations in his pace, if limited to
         the simple, routine work described in the residual functional capacity. The
22       undersigned notes that the only basis for this assertion of poor pace that the doctor
         provided was the claimant's subjective report that he frequently got distracted since
23       the TBI. But the doctor's own observations during the evaluation contradict that
         complaint, as the doctor noted that he showed adequate attention for the exam
24       overall, and on specific tests of concentration, he performed without error,

ORDER REVERSING AND REMANDING
COMMISSIONER'S DECISION TO DENY
BENEFITS - 8

including reciting the months of the year in reverse order, performing serial 3 and serial 7 subtractions, performing a 3-step command, and spelling the word *world* forward and backward. The doctor made no observations about pace in his report, and as noted, he provided as a basis for his opinion only the claimant's subjective complaints. In addition, during the several months from October 2020 through June 2021, Dr. Digman consistently found the claimant's attention and concentration to be "focused" on mental status exams. Because the opinion for poor pace was based solely on the subjective reports by the claimant, which were contradicted by the lack of a showing of poor pace on examination, as well as good performance on tasks of concentration, on consultative examination and consistently on mental status exam with his mental health provider, the undersigned give the opinion very little weight.

AR 27 (internal citations omitted).

First, the ALJ discounted Dr. Stamschror's opinion regarding Plaintiff's pace because it was based on Plaintiff's subjective reports and because Dr. Stamschror's examination did not support the limitation. AR 27. An ALJ may reject a physician's opinion "if it is based 'to a large extent' on a claimant's self-reports that have been properly discounted as incredible." *Tommasetti*, 533 F.3d at 1041 (quoting *Morgan v. Comm'r. Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999)). Here, Dr. Stamschror indicated his opinion regarding Plaintiff's pace was based on Plaintiff's reports of frequently getting distracted due to attention related impairments. AR 710. However, Dr. Stamschror also stated he based his opinions on the information available at the examination, which included a clinical interview and a mental status examination. AR 710. Moreover, in reaching his opinion, Dr. Stamschror did not discount Plaintiff's self-reported limitations as inconsistent with his own findings and the objective testing. And, importantly, the ALJ did not properly discount Plaintiff's self-reports. *See* Sec. III.A., *infra*. Therefore, the ALJ's first reason for discounting Dr. Stamschror's opinions is not specific and legitimate and supported by substantial evidence.

Second, the ALJ appeared to find Dr. Stamschror's opinion inconsistent with Barbara Digman, a mental health specialist. AR 27. Based on the record, it appears Dr. Digman treated

1   Plaintiff for depression. *See* AR 747. During treatment sessions, Dr. Digman noted "focused"

2   under Plaintiff's attention span and concentration. *See* AR 749, 751, 754. It is unclear how these

3   treatment notes contradict findings related to Plaintiff's pace and the ALJ does not adequately

4   explain any inconsistency. *See* AR 27. Further, Dr. Digman noted they were working on goal

5   setting, general coping strategies, and increasing motivation. *See* AR 750, 753, 756. She also

6   noted Plaintiff was having difficulty obtaining motivation and difficulties with feeling

7   overwhelmed when having to deal with too many things at once. *See* AR 756. As the ALJ has

8   not adequately explained why Dr. Digman's treatment notes are inconsistent with Dr.

9   Stamschror's regarding pace and as the treatment notes appear to support difficulties with pace

10  and motivation, the ALJ's second reason for discounting Dr. Stamschror's opinion is not specific

11  and legitimate or supported by substantial evidence.

12        As the ALJ did not provide a specific and legitimate reason supported by substantial

13  evidence so giving little weight to Dr. Stamschror's opinion regarding Plaintiff's pace

14  limitations, the ALJ erred. Had the ALJ properly considered Dr. Stamschror's opinion, he may

15  have included additional limitations related to pace in the RFC, which could impact the ultimate

16  disability determination. Accordingly, the ALJ's error is not harmless and requires reversal.

17        C.  *Remaining Arguments*

18        Plaintiff also contends the ALJ erred by failing to properly consider the statements from

19  Plaintiff's wife and mother and erred by failing to further develop the record. Dkt. 9. The ALJ's

20  failure to properly consider Plaintiff's subjective symptom testimony and Dr. Stamschror's

21  opinion requires remand. On remand, Plaintiff may be able to present new evidence and new

22  testimony and the ALJ's reconsideration of the medical evidence and Plaintiff's testimony may

23  impact his assessment of the lay witness testimony. As a result, on remand, the ALJ should

24

reconsider the lay witness testimony and the ALJ should consider if it is necessary to further develop the record.

### D. *Remand for Further Proceedings*

Plaintiff argues this case should be remanded for an award of benefits. Dkt. 9. The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). The Court has determined the ALJ must re-evaluate Plaintiff's subjective symptom testimony and the medical evidence. Further, the Court finds the ALJ should re-evaluate the lay witness testimony and determine if the record needs to be further developed. Considering the record as a whole, the Court finds remand for further administrative proceedings is the appropriate remedy in this matter.

### IV.   Conclusion

Based on the foregoing reasons, the Court finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. §405(g) in accordance with this Order.

Dated this 30th day of April, 2024.

David W. Christel
United States Magistrate Judge